UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>ABRAHAM TEKLU LEMMA,<br>Defendant. | Criminal Action No. 24-573 (JDB) |

### MEMORANDUM OPINION & ORDER

In this espionage case, the government moved under the Classified Information Procedures Act (CIPA), Pub. L. No. 96-456, 94 Stat. 2025 (1980) (codified as amended at 18 U.S.C. App. §§ 1-16), and Rule 16 of the Federal Rules of Criminal Procedure to withhold certain classified information from discovery. Gov't's First CIPA § 4 and Rule 16(d)(1) Mot., Dkt. 73. Lemma opposed, seeking adversarial briefing on whether the information is properly withheld. Mem. in Supp. of Mot. for Adversarial CIPA 4 Filings 4-5, Dkt. 74.

The relevant statutory, factual, and procedural background is set out in United States v. Lemma, Crim. A. No. 24-573, 2025 WL 2817723, at *1 (D.D.C. Oct. 3, 2025). In brief, section 4 of CIPA allows for restrictions on discovery of classified information that is otherwise arguably subject to discovery under Rule 16. 18 U.S.C. App. § 4; see also United States v. Mejia, 448 F.3d 436, 455 (D.C. Cir. 2006) (quoting United States v. Yunis, 867 F.2d 617, 623 (D.C. Cir. 1989)). "To determine whether classified information is properly withheld under CIPA section 4, courts consider sequentially (1) whether the information is otherwise discoverable under the applicable Rule 16 provision, (2) whether the government's privilege assertion is 'colorable,' and (3) whether the information is 'at least helpful to the defense of the accused.'" Lemma, 2025 WL 2817723, at

1

\*2 (quoting Mejia, 448 F.3d at 455-56). The government bears the burden at step two and the defendant bears it at steps one and three. Id.

In its earlier opinion, the Court determined that the government carried its burden at step two because it "submitted detailed declarations from officials in positions of knowledge about the reasons for withholding the documents at issue, the potential harm to national security from disclosure, and why in the government's view the information is either not discoverable or not helpful to the defense." Id. at \*3. The Court further provided defense counsel with an opportunity to describe ex parte the proposed defense to aid the Court in evaluating whether the withheld information would be relevant or material under step one and helpful to the defense under step three. Id. at \*4 (citing United States v. Libby, 429 F. Supp. 2d 18, 26, amended by 429 F. Supp. 2d 46 (D.D.C. 2006); United States v. Trump, 701 F. Supp. 3d 1, 3 (D.D.C. 2023); United States v. Al-Farekh, 956 F.3d 99, 109 (2d Cir. 2020)). The deadline to do so lapsed on October 17, 2025. Order, Dkt. 78.

\* \* \*

Because Lemma has failed to provide the Court with any insight into the defense theory, the Court holds that he has failed to carry his burden at steps one and three of the Yunis test. Accordingly, the Court **GRANTS** [73] the government's motion for a protective order.

                                       /s/
                                  JOHN D. BATES
                            United States District Judge

Date: November 12, 2025