**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES**<br><br>**v.**<br><br>**ABRAHAM TEKLU LEMMA** | **Criminal Action No. 24-573 (JDB)** |

**MEMORANDUM OPINION & ORDER**

Before the Court is a dispute about the admissibility of evidence either as intrinsic to the charged crime of espionage or under Federal Rule of Evidence 404(b).  Because the five categories of evidence that the government seeks to introduce are either intrinsic or admissible under Rule 404(b), the government may introduce the evidence at trial.

**Background**

The Espionage Act imposes criminal penalties on "[w]hoever, with intent or reason to believe that it is to be used to the injury of the United States or to the advantage of a foreign nation, communicates, delivers, or transmits, or attempts to communicate, deliver or transmit, to any foreign government . . . information relating to the national defense."  18 U.S.C. § 794(a).  Participants in a conspiracy to violate section 794 face the same penalties.  Id. § 794(c).  And proving a violation requires showing willfulness.  See Gorin v. United States, 312 U.S. 19, 27-28 (1941); United States v. Hung, 629 F.2d 908, 918-19 (4th Cir. 1980).  The indictment in this case charges Lemma with violating section 794(a) and (c) by leaking national defense information to senior Ethiopian officials while working for various U.S. government agencies.  See Indictment, Dkt. 56.

1

The government seeks to introduce five categories of evidence. First, that Lemma misused classified government systems to improperly find, review, obtain, copy, and print national defense information related to Ethiopia. See Gov't's Notice 3, Dkt. 108. Second, that he extracted, mishandled, and unlawfully retained that information. Id. Third, that Lemma engaged in (a) foreign financial dealings; (b) foreign contacts, including with Ethiopian government officials and his handlers; (c) carrying out requests by foreign officials to search for and obtain classified U.S. information; (d) efforts to obtain a foreign passport; (e) his own espionage activities; and (f) concealing knowledge of his handlers' espionage. Id. at 4. Fourth, that he provided false information to his government employer about those foreign activities and contacts. Id. at 5. And fifth, that he passed classified materials to a friend in the United States and to a family member and business partner in Ethiopia. Id.

In opposition, Lemma takes issue with the government's effort to introduce evidence as to certain of Lemma's foreign contacts in Ethiopia and his attempt to obtain an Ethiopian passport as well as his passing of classified materials to individuals other than Ethiopian government officials. See Def.'s Opp'n & Mot., Dkt. 115.[1] Following the Court's ruling on other pretrial motions, the government no longer intends to present evidence in its case-in-chief about Lemma passing classified information to individuals outside the Ethiopian government. Gov't's Reply 4, Dkt. 119. Lemma's motion to exclude is now ripe for review.

**Legal Standard**

Rule 404(b) allows for admitting evidence of "any other crime, wrong, or act" for purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

---

[1] Although the government's filing is styled as a motion to admit evidence and Lemma's response is styled as an opposition, the D.C. Circuit has explained in the context of the Speedy Trial Act that the government's 404(b) filing is a "notice" and the opposition thereto is a "motion to exclude." United States v. Marshall, 669 F.3d 288, 293-94 (D.C. Cir. 2011).

mistake, or lack of accident[,]" but not for proving a person's character to show they "acted in accordance with th[at] character" on a given occasion. Fed. R. Evid. 404(b). It is "a rule of inclusion rather than exclusion." United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000).

Moreover, evidence that is "intrinsic" to or "intertwined with the commission of charged crimes" is not "subject to Rule 404(b)'s limitations." United States v. McGill, 815 F.3d 846, 879 (D.C. Cir. 2016). Evidence is intrinsic where it is of "an act that is part of the charged offense" or "uncharged acts performed contemporaneously with the charged crime if they facilitate the commission of the charged crime." Id. (citation modified); see also United States v. Alexander, 331 F.3d 116, 126 (D.C. Cir. 2003) (explaining that evidence is intrinsic if it is "offered as direct evidence of a fact in issue"). But evidence is intrinsic only within a "narrow range of circumstances" and "there is no general 'complete the story' or 'explain the circumstances' exception to Rule 404(b)." Bowie, 232 F.3d at 929; see also United States v. Roberson, 581 F. Supp. 3d 65, 71 (D.D.C. 2022) (Bates, J.) (same); McGill, 815 F.3d at 881 (admonishing the district court for its "overly capacious understanding of what can be introduced as intrinsic evidence").

Under Rule 403, courts may still exclude relevant evidence not barred by Rule 404(b) if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### **Application**

Taking in turn each category of evidence the government still intends to introduce, categories 1 and 2 are plainly intrinsic to the crime because improperly obtaining, extracting, mishandling, and retaining national defense information is part and parcel of leaking such

information to a foreign government.  Equally, category 4 is intrinsic because lying to his government employer about his travel to Ethiopia and contacts with Ethiopian government officials and handlers while there facilitated the ongoing espionage by mitigating the risk of detection.  And categories 3(c), (e), and (f) are intrinsic because they concern Lemma and his handlers' espionage activities.  Thus, Lemma does not even challenge those categories of information except through the vague assertion that there is "extraneous information larded throughout [those] categories."  Def.'s Opp'n & Mot. 5.  And the government no longer intends to introduce category 5 evidence about Lemma passing classified information to a friend in the United States and family member in Ethiopia.  Gov't's Reply 4.  That leaves only part of category 3 in dispute.

Lemma argues that it would waste the Court's and jury's time to introduce evidence as to 3(b) Lemma's contacts with nongovernmental foreign nationals in Ethiopia and (d) his efforts to obtain a foreign passport.  Def.'s Opp'n & Mot. 4.[2]  For its part, the government argues that such evidence is intrinsic or at least admissible under Rule 404(b) because it is relevant to the mens rea element of willfulness and the crime of conspiracy.  Gov't's Reply 2-3.

The Court agrees with the government that Lemma's undisclosed foreign contacts and efforts to obtain an Ethiopian passport are probative of his state of mind because they bear on whether he knew that what he was doing was illegal (and therefore had to be concealed from his employer government agencies).  See Bryan v. United States, 524 U.S. 184, 191-92 (1998) (explaining that generally "in the criminal context, a 'willful' act is one undertaken with a 'bad

---

[2] Lemma also argues that the only purpose of introducing the disputed evidence is "to impermissibly establish" in the jury's mind that Lemma has "a propensity to transmit" national defense information.  Def.'s Opp'n & Mot. 8.  However, that particular concern relates to the category 5 evidence, and the government now disclaims any intent to introduce such evidence in its case-in-chief.  Likewise, therefore, there is no related risk of unfair prejudice from the risk of such a propensity inference.  Contra id. at 10-11.

purpose[,]'" which is to say that "the defendant acted with knowledge that his conduct was unlawful" (quotation omitted)); see also, e.g., Office of Director of National Intelligence, Security Executive Agent Directive 3: Reporting Requirements for Personnel with Access to Classified Information or Who Hold a Sensitive Position at 3-6 (June 12, 2017), https://www.dni.gov/files/ NCSC/documents/Regulations/SEAD-3-Reporting-U.pdf (requiring contractors with access to classified information to report foreign travel, foreign contacts, foreign bank accounts, and applications for a foreign passport); Gov't's Notice 4 n.1 (listing statutes, regulations, and policy statements on security and reporting requirements).  Lemma's efforts to surreptitiously obtain an Ethiopian passport are also probative of an escape plan in the event of heightened risk of detection. And Lemma choosing to ask his handler to get the passport for him is relevant "for the nonpropensity purpose of proving the relationships among coconspirators."  McGill, 815 F.3d at 884-85.

Both kinds of evidence are therefore admissible under Rule 404(b).  See United States v. McGill, 815 F.3d at 879 ("In conspiracy prosecutions, the prosecution is usually allowed considerable leeway in offering evidence of other offenses to inform the jury of the background of the conspiracy charged and to help explain to the jury how the illegal relationship between the participants in the crime developed." (citation modified)).  And the Court sees no reason why introducing such probative evidence would waste the Court's and jury's time, so there is no Rule 403 problem either.

The question remains whether the evidence is also intrinsic to the charged crime and therefore not subject to any Rule 404(b) limitations.[3]  The indictment identifies Lemma's efforts

---

[3] This distinction is of limited import because "the only consequences of labeling evidence 'intrinsic' are to relieve the prosecution of Rule 404(b)'s notice requirement and the court of its obligation to give an appropriate limiting instruction upon defense counsel's request."  Bowie, 232 F.3d at 927.  And the government has already

to obtain a foreign passport as an overt act in furtherance of the conspiracy, so it forms part of that charged offense.  See Indictment ¶ 42; 18 U.S.C. § 794(c); United States v. Hitt, 249 F.3d 1010, 1015-16 (D.C. Cir. 2001) (explaining that courts are bound by the language of the indictment in determining the scope of the conspiracy and therefore whether overt acts are in furtherance of that conspiracy).

However, the indictment makes no mention of Lemma's contacts with nongovernmental foreign persons, although it labels his failure to report his contacts with co-conspirators as a manner or means and overt act of the conspiracy.  See Indictment ¶¶ 16(g)(vii), 24, 60.  The government argues that these nongovernmental foreign contacts are relevant to Lemma's state of mind and therefore the element of willfulness, Gov't's Reply 2-3, but they are not "direct evidence" on that issue, Alexander, 331 F.3d at 126.  And those contacts do not form part of the substantive offense because they do not involve leaking national defense information to a foreign government.  See 18 U.S.C. § 794(a).

The only remaining way that the nongovernmental foreign contacts evidence could be intrinsic is if those uncharged acts were contemporaneous with and facilitated the offense of espionage.  McGill, 815 F.3d at 879.  They were plainly contemporaneous with the multiyear conspiracy, which ended only when Lemma was arrested in August 2023.  See Indictment ¶ 1; Arrest Warrant, Dkt. 6.  However, the Court is unconvinced that these activities facilitated the charged crimes.  To facilitate a crime, an act must "promote, help forward[,] or assist in bringing about a particular end or result."  Roberson, 581 F. Supp. 3d at 73 (quoting Facilitate, Oxford English Dictionary (3d ed. 2009)).  There is no indication here that Lemma's nongovernmental

---

provided notice of its intent to use this evidence at trial.  So, the only benefit to the defense of the evidence coming in only under Rule 404(b) is an entitlement to a jury instruction upon request that the evidence may not be considered for propensity purposes.

foreign contacts helped in the offense.  On the contrary, maintaining those ties may have increased the risk of detection of the espionage scheme.  That may be why the government only tentatively says these relationships "could be relevant based on the defense at trial."  Gov't's Reply 3.

Thus, although it is admissible under Rule 404(b), the nongovernmental foreign contacts evidence does not fall within the "narrow" ambit of intrinsic evidence.  Bowie, 232 F.3d at 929.[4]

\* \* \*

Because the evidence the government seeks to introduce is either intrinsic or admissible under Rule 404(b), the government may introduce it at trial.  Accordingly, [115] defendant's motion to exclude evidence is hereby **DENIED**.

/s/
JOHN D. BATES
United States District Judge

Date: May 20, 2026

---

[4] Lemma does not specifically challenge category 3(a)—relating to foreign financial dealings—but the Court finds that those undisclosed dealings bear on Lemma's intent as well as a potential motive to spy.  So, this evidence is likewise admissible under Rule 404(b), and the Court can discern no Rule 403 problem.  But it is not intrinsic evidence for the same reasons as discussed above regarding the nongovernmental foreign contacts.  And as to the unchallenged part of category 3(b), Lemma's undisclosed contacts with Ethiopian government officials are intrinsic to the charged offense at least to the extent that the officials were co-conspirators and admissible under Rule 404(b) as probative of intent otherwise.